PER CURIAM.
Debose appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The order denying the motion was rendered on August 11, 2005, but Debose’s notice of appeal was not filed under the mail box rule[1] until September 19, 2005. In a response to this court’s order to show cause why the appeal should not be dismissed as untimely, Debose responded that due to his transfer to three different prisons he did not receive the denial order until August 22, 2005. We dismiss the case for lack of jurisdiction.
We write only for the purpose of informing Debose, and other similarly situated defendants who receive post-conviction orders denying relief later than ordinary mail but sooner than the time (thirty days) for filing a notice of appeal, that the notice of appeal must be filed within thirty days of the date the order is rendered.[2] If not, the appellate court lacks jurisdiction.
In this case, Debose had nineteen days left in which he could have filed his notice of appeal simply by delivering it to prison authorities, under the mail box rule. There are no circumstances alleged in his response which excuse why the notice of appeal could not have been timely filed. Under the “mail box rule,” the defendant is aided in time by delivering a notice of appeal to the prison authorities and having that count as the time of filing the notice. However, the receipt of an order does not trigger the running of the thirty-days time in which to file, or in this case, the required time in which to deliver a notice of appeal to prison authorities. Absent some extraordinary circumstances which would prevent a defendant from filing a notice of appeal with prison authorities, not alleged in this case, a defendant who can comply with the thirty-day requirement must do so or lose his right to appeal.
DISMISSED.
SHARP, W., THOMPSON and PALMER, JJ., concur.

. See Haag v. State, 591 So.2d 614 (Fla.1992).

. See Fla. R.Crim. P. 3.850(g).